### KENNOHAN and WIFE v. COOKE.

Orphans' Court. Kent. May, 1795.

*Clayton's Notebook, 10.*

Miller, for the appellants, cited 1 Body Laws 294, 295, prescribing the order of granting administration as operating in favor of the appellants, and 11 Vin.Abr. 86, pl. 19, to show the same, and that the wife may have administration of her hus-

band's estate. So Sty. 456, to show that it is not entirely in the discretion of the ordinary to commit administration out of the order of the statute unless he be authorized by particular circumstances so to do.

PER CURIAM. Let the decree of the Register be affirmed. (They did not assign their reasons for affirming it.)

[NOTE]

The order of administration: the Act, 1 Del.Laws 284, 285, recites that "the Registers of the several counties, having power to grant administration to the widow or next of kin to the intestate and upon their refusal to the principal creditor or creditors of the intestate as he shall think meet," etc.

By the civil law, as in England—

Widow or/and
1. Children ⎫
2. Parents ⎬ 1st degree
3. Brother
4. Grandfathers
5. Uncles or nephews, and females of each class respectively. Lastly cousins, creditors and residuary legatee. And in defect of all to any discreet person.

And to one or both.

Reasons for this decision then probably were: 1. The agreement between the widow and Robert. 2. After the death of his father, Robert was next of kin and so equally entitled with the widow. And, lastly, it is impolitic to grant administration to a wife on second marriage, who then ceases to be the intestate's widow and throws the administration on one who is too often so situated in regard to the intestate's affairs as to have a fair opportunity of embezzling without incurring the danger of detection.